**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **ERKINBEK KASYMALY UULU** | **CASE NO. 1:26-CV-03134 SEC P** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **ELEAZAR GARCIA ET AL** | **MAGISTRATE JUDGE PEREZ-MONTES** |

**MEMORANDUM ORDER**

Before the Court is an Emergency Motion for Temporary Restraining Order ("TRO") and Preliminary Injunction [Doc. No. 2] filed by Petitioner Erkinbek Kasymaly Uulu ("Petitioner").

For the following reasons, Petitioner's Motion is **DENIED**.

## I. Background

Petitioner, a native and citizen of Kyrgyzstan, entered the United States on or about December 27, 2022, at or near San Ysidro, California.[1] On January 4, 2023, the Department of Homeland Security issued Petitioner a Notice to Appear ("NTA"), charging him under INA § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i), as a noncitizen present in the United States without having been admitted or paroled.[2] The NTA identified Petitioner's Brooklyn, New York address and directed him to appear before the immigration court.[3] Sometime after, Petitioner filed a Form I-589, Application for Asylum and for Withholding of Removal, which the immigration court received on

[1] [Doc. No. 2, p. 3, ¶ 10–11].
[2] [Id. at ¶ 11].
[3] [Id. at ¶ 12].

April 26, 2023.[4] Petitioner was released from immigration detention and remained so from January 2023 until June 26, 2026.[5] On June 26, 2026, Immigration and Customs Enforcement detained Petitioner, and he has been detained at Winn Correctional Center ever since.[6]

Petitioner filed a Petition for Writ of Habeas Corpus ("Habeas Petition") [Doc. No. 1] and this TRO on August 19, 2026. Petitioner requests this Court to (1) grant his TRO; (2) issue a show cause; (3) release him from immigration custody; (4) or, in the alternative, an individualized custody hearing; and (5) order a seventy-two-hour written notice before transferring him outside the Western District of Louisiana.[7]

The matter is ripe for ruling.

## II. Law and Analysis

As another Judge of this Court recently stated:

> The very basis of a habeas action is to challenge the statutory or constitutional basis for detention. *See Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 117 (2020) ("[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody.") (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)). Seeking injunctive relief that mirrors the relief requested in the habeas petition is *nothing more than a motion to decide my habeas petition now*. *See Garcia-Aleman v. Thompson*, No. 5:25-CV-00886, ECF No. 20 (S.D. Tex. Oct. 30, 2025). The Court will not allow Petitioner to commit an end-run around the habeas process.

---

[4] [Id.].
[5] [Id. at ¶ 14].
[6] [Id. at ¶ 15].
[7] [Id. at pp. 6–7].

*Da Silva v. Tellez*, No. 25-1960, 2025 WL 3553041, at *1 (W.D. La. Dec. 8, 2025) (emphasis added). Here, to the extent Petitioner seeks his release, his Motion is merely "a motion to decide [Petitioner's] habeas petition now." *Id.* The Court finds no cause to bypass standard habeas procedures.

Since the preliminary relief Petitioner seeks—release from immigration custody—mirrors the ultimate relief sought in Petitioner's Habeas Petition,[8] Petitioner's Motion for TRO is **DENIED**.

## III. Conclusion

For the reasons stated above,

**IT IS ORDERED** that Petitioner's Motion for Emergency Temporary Restraining Order or Preliminary Injunction [Doc. No. 2] is **DENIED**.

MONROE, LOUISIANA, this 20th day of August 2026.

TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE

[8] [Doc. No. 1].